IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.                                                      2:25-CR-045-Z-BR-(1)

NICHOLAS JADE HERRMANN

**NOTICE OF INTENT TO IMPOSE
CONDITIONS OF SUPERVISED RELEASE**

To determine the Supervised Release conditions and term to be imposed, this Court (1) reviewed all sentencing materials, (2) conducted an individualized assessment of the Defendant, and (3) consulted the permissible sentencing factors listed below. Without prejudice to statements and arguments made at the Sentencing Hearing, the Court intends to impose the following conditions of supervised release: (1) the *required* Mandatory Conditions listed at 18 U.S.C. § 3583(d) and Section 5D1.3(a) of the 2025 Guidelines Manual; (2) the Standard Conditions listed at Section 5D1.3(b)(2), which the Court finds no cause to modify here; and (3) the following "Discretionary" and "Special" Conditions derived from Section 5D1.3 of the Guidelines Manual—which, based on the facts and circumstances of the above-referenced case, are (1) reasonably related to the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D); (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in Sections 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and (3) consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a) ("Notice").

Defense counsel is hereby ORDERED to (1) review the Notice with Defendant, (2) explain the Notice to Defendant, (3) identify and prepare to present any objections to the Notice, (4) sign and date the Notice, alongside Defendant's signature, and (5) return the

Notice to the Court at the sentencing hearing in this case. Pursuant to Sections 5D1.2(a) and (b)(1), the Court conducted an individualized assessment to determine the *term* and *conditions* of Supervised Release. The term shall not be less than any statutorily required minimum term. Pursuant to Section 5D1.2(b), the Court will expressly state the *reasons* for the length of the term.

**Mandatory Conditions**

1. The defendant shall not commit another federal, state or local offense (*see* 18 U.S.C. § 3583(d)).

2. The defendant shall not unlawfully possess a controlled substance (*see* 18 U.S.C. § 3583(d)).

3. The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. § 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant (*see* 18 U.S.C. § 3583(d)).

4. The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter (as determined by the court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the court for any individual defendant if the defendant's presentence report or other reliable information indicates a low risk of future substance abuse by the defendant (*see* 18 U.S.C. § 3583(d)).

5. If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine (*see* 18 U.S.C. § 3624(e)).

6. The defendant shall (A) make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A, or any other statute authorizing a sentence of restitution; and (B) pay the assessment imposed in accordance with 18 U.S.C. § 3013. If there is a court-established payment schedule for making restitution or paying the assessment (*see* 18 U.S.C. § 3572(d)), the defendant shall adhere to the schedule.

7. If the defendant is required to register under the Sex Offender Registration and Notification Act, the defendant shall comply with the requirements of that Act (*see* 18 U.S.C. § 3583(d)).

8.  The defendant shall submit to the collection of a DNA sample from the defendant at the direction of the United States Probation Office if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (34 U.S.C. § 40702).

**Standard Conditions**

1.  The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2.  After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

3.  The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

4.  The defendant shall answer truthfully the questions asked by the probation officer.

5.  The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

6.  The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

7.  The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

8.    The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9.    If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

10.    The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

11.    The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12.    If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk, and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13.    The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

**Discretionary and Special Conditions**

1.    The defendant shall have no contact with persons under the age of 18 except when directly supervised by an adult who is approved in advance by the probation officer, nor shall the defendant loiter near places where children may frequently congregate. The defendant shall neither seek nor maintain employment or volunteer work at any location and/or activity where persons under the age of 18 congregate and the defendant shall not date or intentionally develop a personal relationship with anyone who has children under the age of 18, without prior permission of the probation officer.

2.    The defendant shall have no contact with the victim(s) or the victim's family, directly or indirectly without prior approval by the probation officer.

3.    The defendant must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant uses.

4.    To ensure compliance with the computer monitoring condition, the defendant must allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of

4

determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. The defendant must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

5. The defendant shall not use any software program or device designed to hide, alter, or delete records and/or logs of the defendant's computer use, Internet activities, or files stored on the defendant's computer or cellular phone.

6. The defendant shall not possess, have access to, or utilize a computer or Internet connection device, including, but not limited to Xbox, PlayStation, Nintendo, or similar device, without permission of the probation officer. This condition requires preapproval for categories of computer or Internet access or use; it does not require separate pre-use approval every time the defendant accesses or uses a computer or the Internet.

7. Without prior approval of the probation officer, the defendant shall not maintain or create a user account on any social networking site (i.e., Facebook, Twitter, Snapchat, Instagram, Grindr, Tinder, etc.) that allows access to persons under the age of 18 or allows for the exchange of sexually explicit material, chat conversations, or instant messaging. The defendant shall neither view nor access any web profile of users under the age of 18.

8. The defendant shall not engage in or utilize any service that allows peer-to-peer file sharing or file transfer protocol activity.

9. The defendant shall neither possess nor have under his control any sexually oriented, or sexually stimulating materials of adults or children. The defendant shall not patronize any place where such material is available.

10. The defendant shall participate in sex offender treatment services as directed by the probation officer until successfully discharged. These services may include psycho-physiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor the defendant's compliance, treatment progress, and risk to the community. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $20 per month.

11. The defendant shall participate in outpatient mental health treatment services as directed by the probation officer until successfully discharged. These services may include medications prescribed by a licensed physician. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month.

12. The defendant is ordered to pay a $5,000 JVTA assessment through the office of the U.S. District Clerk, 205 SE 5th Avenue, Room 133, Amarillo, Texas 79101. This amount is the total of the fine imposed on Count 1 of the single-

5

count Indictment. The court has determined that the defendant does not have the ability to pay interest; therefore, the interest requirement is waived pursuant to 18 U.S.C. § 3612(f)(3). If, upon commencement of the term of supervised release, any part of the fine ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance at the rate of at least $100 per month. The first such payment shall be made no later than 60 days after the defendant's release from confinement and another payment shall be made on the same day of each month thereafter until the fine is paid in full.

13.     The defendant is ordered to pay a fine of $10,000 through the office of the U.S. District Clerk, 205 SE 5th Avenue, Room 133, Amarillo, Texas 79101. This amount is the total of the fine imposed on Count 1 of the single-count Indictment. The court has determined that the defendant does not have the ability to pay interest; therefore, the interest requirement is waived pursuant to 18 U.S.C § 3612(f)(3). If, upon commencement of the term of supervised release, any part of the fine ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance at the rate of at least $200 per month. The first such payment shall be made no later than 60 days after the defendant's release from confinement and another payment shall be made on the same day of each month thereafter until the fine is paid in full.

14.     The defendant must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

June ___, 2026.

_____
Matthew J. Kacsmaryk
UNITED STATES DISTRICT JUDGE

_____
Defendant

_____
Defense Counsel